

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

©O₁

Mrs. Violet S. Greenhill, Chief
Division of Child Welfare
State Department of Public Welfare
Austin, Texas

Dear Mrs. Greenhill:

Opinion No. 2768
Re: Whether or not
Article 606a, Penal
Code, applies in a
situation involving
war refugees.

This department has received your request for an opinion. We quote the pertinent portion of your letter as follows:

"The question has arisen as to whether Vernon's Penal Code, Article 606a, Sections 6 and 7 (See also Vernon's Texas Annotated Civil Statutes, Articles 695a and 695c), relative to the bond requirements for bringing into the State of Texas a child below the age of sixteen years for the purpose of placing him out or for procuring his adoption, applies to refugee children of Europe coming to this country to escape the hazards of war.

"Is, then, the bond required for such children being sent or brought into Texas when assurances have been given, in conformity with the Federal law and in conformity with the policies of the United States Committee for the care of European children, that the children brought to this country will not become a public charge?

"The immediate need for your opinion in this matter has arisen out of a request from a Texas resident visiting in New York. This individual has asked to be advised of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Violet S. Greenhill, Page 2

formalities required, under Texas law, to
bring a refugee child to this State to live
in his home for the duration of the War.
We are attaching a copy of this letter.
* * *."

The letter to which you refer in the final para-
graph of the foregoing, reads:

"A Client of mine, who is a resident
of your state, and who is in this city at
the present time, is desirous of taking
with him a refugee child now in the United
States and to give the child a home gra-
tuitously with himself and his family for
the duration of the war.

"I would appreciate it very much if
you would advise me whether any preliminary
formalities must be met with before the
child can be made a resident of your state.

"I wish to repeat that the child is
now lawfully in America, and my client, out
of the kindness of his heart, wants to give
him all the necessaries of life, and have
the child live with him until he can be
sent back to his own parents abroad."

The Acts of 1931, 42nd Legislature, Senate Bill No.
375, Chapter 194, Page 323, created the Division of Child Wel-
fare in the Board of Control and defined its functions as
follows:

Sec. 2.   "It shall be the duty of the
Board to promote through the Child Welfare
Division the enforcement of all laws for the
protection of defective, illegitimate, de-
pendent, neglected and delinquent children
* * * and to take the initiative in all mat-
ters involving the interest of such children
where adequate provision therefor has not
already been made."

Sections 6 and 7 of that Act are incorporated in
Vernon's Annotated Penal Code as Article 606a.  That Article
provides:

Mrs. Violet S. Greenhill, Page 3

"Art. 606a. Bringing child into state
for placing out or adoption without consent
of State Board of Control

"Sec. 6. It shall be unlawful for any
person, for himself or as agent or representa-
tive of another, to bring or send into this
State any child below the age of sixteen (16)
years for the purpose of placing him out or
procuring his adoption without first having
obtained the consent of the State Board of
Control, which may be made by application
directly to the Board of Control, or through
the County Child Welfare Board. Said consent
shall be given on a regular form to be pre-
scribed by the Board of Control and no person
shall bring any such child into this State
without such permit and without having filed
with the Board of Control a bond payable to
the State, on a form to be prescribed by the
Attorney General, and approved by the Board,
in the penal sum of One Thousand ($1,000.00)
Dollars, conditioned that the person bringing
or sending such child into this State will
not send or bring any child who is incorrigible
or unsound of mind or body; that he will re-
move any such child who becomes a public
charge or pay the expense of removal of such
charge, who, in the opinion of the Board of
Control, becomes a menace to the community
prior to this adoption or becoming of legal
age; that he will place the child under a
written contract approved by the County Child
Welfare Board and the Board of Control; and
that the person with whom the child is placed
shall be responsible for his proper care and
training. Before any child shall be brought
or sent into the State for the purpose of
placing him in a foster home, the person so
bringing or sending such child shall first
notify the Board of Control of his intention
and the Board of Control shall immediately
notify the County Child Welfare Board, who
shall make a report to the Board of Control
on the person whom it is indicated will have
charge of the child, and shall obtain from

Mrs. Violet S. Greenhill, Page 4

the Board of Control a Certificate stating
that such home is, and such person or persons
in charge, are in the opinion of the Board of
Control, suitable to have charge of such
child. Such notification shall state the
name, age and description of the child, the
name and address of the person to whom the
same is to be placed, and such other informa-
tion as may be required by the Board of Con-
trol, and the same shall be sworn to by such
person. The Board of Control shall require
the person sending said child into this State,
or the person who is in charge of the same
after he has been brought here, to make a
report at certain stated times, and in the
event such reports are not made such Board
shall be authorized to deport said child
from this State and the expenses thereof
shall be recovered under said bond; provided,
however, that nothing herein shall be deemed
to prohibit a resident of this State from
bringing into the State a relative or child
for adoption into his own family. The Board
of Control and Child Welfare Boards shall not
allow minors to come into and be brought into
this State in violation of this Act.

"Sec. 7 If any person shall bring into
this State or direct, conspire, or cause to
be brought into or sent into this State any
child in violation of the foregoing section,
he shall be guilty of a misdemeanor and upon
conviction thereof shall be fined in a sum
not less than Twenty-five ($25.00) Dollars
nor more than One Thousand ($1,000.00) Dol-
lars, or by confinement in the County Jail
not exceeding twelve months, or by both such
fine and imprisonment. Acts 1931, 42nd Leg.,
p. 323, ch. 194."

The language of Article 606a, supra, is not ambigu-
ous. By the passage of this Act, the Legislature sought to
correct an existing evil; namely, the importation of defective,
illegitimate, dependent, neglected, or delinquent children
into this State by irresponsible persons or agencies. More
than frequently, these children became public charges and oc-
cassioned an overcrowded condition in our State Institutions.
(See Section 14 of the Act).

Mrs. Violet S. Greenhill, Page 5

The Legislature qualified the application of this statutory provision, however, to those persons or agencies who bring or send children under sixteen (16) years of age into the State for the purpose of "placing them out" or "procuring their adoption." In the instant case, a person desires to bring a refugee child into this State and provide it with all the necessities of life and have the child live with him in his own home until conditions abroad permit the child's return to his rightful parents.

In the described situation, no bond need be made for reason there is neither a "placing out" nor the procurement of an adoption.

In the event there is a "placing out" or the procurement of an adoption, the provisions of Article 606a, supra, must be met and complied with for there is no evident exemption of war refugee children. The Act applies to "any child below the age of sixteen (16) * * *."

We trust that the foregoing answers your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Wm. J. Fanning_

Wm. J. Fanning
Assistant

By _Grundy Williams_

Grundy Williams

GW:RS          APPROVED SEP 30, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS